J. BENNETT FRIEDMAN, ESQ., State Bar No. 147056
    jfriedman@jbflawfirm.com
MICHAEL SOBKOWIAK, ESQ., State Bar No. 242718
    msobkowiak@jbflawfirm.com

FRIEDMAN LAW GROUP, P.C.
1900 Avenue of the Stars, 11th Floor
Los Angeles, California 90067
Telephone: (310) 552-8210
Facsimile: (310) 733-5442

BENJAMIN GLUCK, ESQ., State Bar No. 203997
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM. DROOKS & LINCENBERG LAW FIRM
1875 Century Park East. 23rd Floor
Los Angeles, California 90067-2561
bng@birdmarella.com
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Creditors
Frontline Medical Associates, Inc.; South Bay Surgical and Spine Institute, LLC; South Bay Surgical and Spine Institute, Inc.; Dr. Munir Uwaydah; California Device Manufacturers, Inc.; Stronghold Capital, LLC; Fusion Pharmaceuticals, LLC; Accounts Receivable Acquisitions, LLC; California Health Partners, LLC; Bastion, LLC; Advanced Orthopaedic Devices; Los Angeles Health Partners, Inc.; Firstline Health, Inc.; Prometheus Health Imaging, Inc.; Munir Uwaydah MD, Inc.; Accounts Receivable Limited, Inc.; Golden State Pharmaceuticals, LLC; Orthopaedic Devices, LLC; Greenline, LLC; Empyrean Medical Management, LLC; Sherwood Ventures, LLC; Sherwood Financial and Investments, Inc.; Sentinel Health Medical Group, Inc.; Millennium Medical Group of San Fernando, a Professional Corporation.; Spider, LLC; Springboard, LLC; Gestuet Eichenhain; Ali Ghandour; Farouk Ghandour; Holger Blank; Kadri Uwaydah; Paul Turley; Maria Turley; Farihan Renno Uwaydah; Rania Mardini; and Janek Hunt

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re

MARISA NELSON and PETER NELSON

Lead Case No. 2:12-bk-15672-TD

Adv. Case No.

Chapter 7

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

11 U.S.C. 523(a)(6)

| | |
|---|---|
| 1 | FRONTLINE MEDICAL ASSOCIATES, INC., a California corporation; SOUTH BAY SURGICAL AND SPINE INSTITUTE, LLC, a California limited liability company; SOUTH BAY SURGICAL AND SPINE INSTITUTE INC., a California corporation; DR. MUNIR UWAYDAH, an individual; CALIFORNIA DEVICE MANUFACTURERS, INC., a California corporation; STRONGHOLD CAPITAL, LLC, a California limited liability company; FUSION PHARMACEUTICALS, LLC, a California limited liability company; ACCOUNTS RECEIVABLE ACQUISITIONS, LLC, a California limited liability company; CALIFORNIA HEALTH PARTNERS, LLC, a California limited liability company; BASTION, LLC, a California limited liability company; ADVANCED ORTHOPAEDIC DEVICES; LOS ANGELES HEALTH PARTNERS, INC., a California corporation; FIRSTLINE HEALTH, INC., a California corporation; PROMETHEUS HEALTH IMAGING, INC., a Delaware corporation; MUNIR UWAYDAH M.D., INC., a California corporation; ACCOUNTS RECEIVABLE LIMITED, INC., a California corporation; GOLDEN STATE PHARMACEUTICALS, LLC, a California limited liability company; ORTHOPAEDIC DEVICES, LLC, a California limited liability company; GREENLINE, LLC, a California limited liability company; EMPYREAN MEDICAL MANAGEMENT, LLC, a California limited liability company; SHERWOOD VENTURES, LLC, a California limited liability company; SHERWOOD FINANCIAL AND INVESTMENTS, INC., A California corporation; SENTINEL HEALTH MEDICAL GROUP, INC., a California corporation; MILLENNIUM MEDICAL GROUP OF SAN FERNANDO, INC., A PROFESSIONAL CORPORATION, a California corporation; SPIDER, LLC, a California limited liability company; SPRINGBOARD, LLC, a California limited liability company; GESTUET EICHENHAIN, an individual; FAROUK GHANDOUR, an individual; ALI |

| | |
|---|---|
| 1<br>2<br>3<br>4 | GHANDOUR, an individual; HOLGER BLANK, an individual; KADRI UWAYDAH, an individual; PAUL TURLEY, an individual; MARIA TURLEY, an individual; FARIHAN RENNO UWAYDAH, an individual; RANIA MARDINI, an individual; JANEK HUNT, an individual, |
| 5 | Plaintiffs, |
| 6 | vs. |
| 7<br>8<br>9<br>10 | MARISA NELSON, an individual, a/k/a MARISA SCHERMBECK, a/k/a MARISA SCHERMBECK-NELSON, and d/b/a SCHERMBECK MANAGEMENT; PETER NELSON, an individual; and DOES 1 through 10, inclusive, |
| 11 | Defendants. |

Plaintiffs Frontline Medical Associates, Inc.; South Bay Surgical and Spine Institute, LLC; South Bay Surgical and Spine Institute, Inc.; Dr. Munir Uwaydah; California Device Manufacturers, Inc.; Stronghold Capital, LLC; Fusion Pharmaceuticals, LLC; Accounts Receivable Acquisitions, LLC; California Health Partners, LLC; Bastion, LLC; Advanced Orthopaedic Devices; Los Angeles Health Partners, Inc.; Firstline Health, Inc.; Prometheus Health Imaging, Inc.; Munir Uwaydah MD, Inc.; Accounts Receivable Limited, Inc.; Golden State Pharmaceuticals, LLC; Orthopaedic Devices, LLC; Greenline, LLC; Empyrean Medical Management, LLC; Sherwood Ventures, LLC; Sherwood Financial and Investments, Inc.; Sentinel Health Medical Group, Inc.; Millennium Medical Group of San Fernando, a Professional Corporation; Spider, LLC; Springboard, LLC; Gestuet Eichenhain; Ali Ghandour; Farouk Ghandour; Holger Blank; Kadri Uwaydah; Paul Turley; Maria Turley; Farihan Renno Uwaydah; Rania Mardini; and Janek Hunt hereby complain as follows:

///

///

3
COMPLAINT

## JURISDICTION

1. This Court has jurisdiction of this matter as a core proceeding pursuant to 11 U.S.C. 523(a)(6)) and FRBP 7001(6).

## GENERAL ALLEGATIONS

2. Plaintiffs Frontline Medical Associates, Inc.; South Bay Surgical and Spine Institute LLC; South Bay Surgical and Spine Institute Inc.; Dr. Munir Uwaydah; California Device Manufacturers, Inc.; Stronghold Capital, LLC; Fusion Pharmaceuticals, LLC; Accounts Receivable Acquisitions, LLC; California Health Partners, LLC; Bastion, LLC; Advanced Orthopaedic Devices; Los Angeles Health Partners, Inc.; Firstline Health, Inc.; Prometheus Health Imaging, Inc.; Munir Uwaydah MD, Inc.; Accounts Receivable Limited, Inc.; Golden State Pharmaceuticals, LLC; Orthopaedic Devices, LLC; Greenline, LLC; Empyrean Medical Management, LLC; Sherwood Ventures, LLC; Sherwood Financial and Investments, Inc.; Sentinel Health Medical Group, Inc.; Millennium Medical Group of San Fernando, a Professional Corporation; Spider, LLC; Springboard, LLC; Gestuet Eichenhain; Ali Ghandour; Farouk Ghandour; Holger Blank; Kadri Uwaydah; Paul Turley; Maria Turley; Farihan Renno Uwaydah; Rania Mardini; and Janek Hunt (collectively "Plaintiffs"), are unsecured creditors of Defendants MARISA NELSON and PETER NELSON.

3. Plaintiffs are informed and believe, and based thereon allege, that Defendant MARISA NELSON, a/k/a MARISA SCHERMBECK, a/k/a MARISA SCHERMBECK-NELSON, and d/b/a SCHERMBECK MANAGEMENT ("MARISA NELSON"), is an individual and at all relevant times was residing in the County of Los Angeles, State of California. Plaintiffs are further informed and believe, and based thereon allege, that MARISA NELSON is, and at all relevant times was, doing business as Schermbeck Management in the County of Los Angeles, State of California. Defendant MARISA

NELSON provided management services to Plaintiffs individually, and in a collective capacity.

4. On information and belief, Plaintiffs further allege that Defendant PETER NELSON is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California. Plaintiffs are further informed and believe, and based thereon allege, that PETER NELSON is, and at all relevant times was, an independent contractor of individual Plaintiffs, and of Plaintiffs in a collective capacity performing medical and related services for Plaintiffs.

5. Plaintiffs are informed and believe, and on that basis allege, that Defendants MARISA NELSON and PETER NELSON are married to each other and, at all relevant times, were either married to each other or in an intimate personal relationship with each other during the times in which the non-dischargeable incidents occurred.

6. The true names and capacities of defendants named herein as Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to show the true names and capacities of those defendants after they have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint and that Plaintiffs' damages as alleged in this complaint were proximately caused by the acts or omissions of such defendants.

7. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times, each and every defendant was the agent and employee of each and every other defendant, and in doing the acts and things alleged, was acting within the course and scope of such agency and employment, and with the consent, provision and authorization of each of the remaining defendants. Plaintiffs are informed and believe, and based thereon allege, that all actions of each defendant herein alleged were ratified and *approved*

by every other defendant. (Defendants, and each of them, are hereafter collectively referred to herein as the "Defendants".)

### FIRST CAUSE OF ACTION

### (Against All Defendants For Conversion)

8. Plaintiffs re-allege the allegations in paragraphs 1 through 7, inclusive, and incorporate the same herein by this reference.

9. As set forth above, prior to the filing of the bankruptcy petition giving rise to this action, Defendants MARISA NELSON and PETER NELSON, together and in each such Defendant's individual capacity, worked for the Plaintiffs, both individually and collectively.

10. In this respect, in or about November 2004, Plaintiffs hired Defendant MARISA NELSON, among other things, to manage its corporate operations. Plaintiffs and MARISA NELSON agreed that the latter's management services, responsibilities and duties included, among other things, the following:

    a. Plaintiffs entrusted MARISA NELSON with the lifeblood of its collective business and operations, including its books and records, bank accounts, tax records, and other sensitive and confidential corporate documents, property and information;

    b. Defendant MARISA NELSON was responsible for issuing checks and making payments on behalf of Plaintiffs, employees and various third parties;

    c. MARISA NELSON was responsible for collecting and depositing payments made to Plaintiffs by various third parties; and,

    d. Defendant MARISA NELSON was responsible for generally maintaining Plaintiffs' books and records.

11. Plaintiffs employed MARISA NELSON to perform these services, responsibilities and duties between approximately November 2004 and approximately June 2010. During this time, Plaintiffs, collectively and individually, placed all of its trust and

confidence in Defendant MARISA NELSON to carry out these services, responsibilities and duties in the best interests of the Plaintiffs.

12. Given Plaintiffs' trust and confidence in MARISA NELSON, this Defendant routinely made deposits into, and withdrew funds from, Plaintiffs' various bank accounts without Plaintiffs' oversight and/or knowledge.

13. At all relevant times herein, although Defendants had an opportunity to control Plaintiffs' assets, MARISA NELSON, and her husband PETER NELSON, were never given authority to appropriate funds belonging to Plaintiffs for any other purpose other than to use the funds solely to inure to the benefit of each of the Plaintiffs.

14. During the tenure of Defendants' employment with the Plaintiffs, Defendant MARISA NELSON, assisted by her husband Defendant PETER NELSON, wrongfully retained and converted funds from Plaintiffs' bank accounts and other property in an amount not less than $923,501.63 by wrongful acts and/or improper disposition of Plaintiffs' property rights.

15. Plaintiffs are presently aware that Defendants MARISA NELSON and PETER NELSON willfully and wrongfully converted at least $923,501.63 of Plaintiffs' property, and are informed and believe that the actual amounts converted by Defendants are significantly greater than said sum and is presently unknown to Plaintiffs.

16. Plaintiffs were the rightful owners and held the right to possess the subject property at the time of conversion, and were not aware of, nor did Plaintiffs authorize, the conversion of its property by Defendants.

17. Plaintiffs are informed and believe, and based thereon allege, that, as alleged above, Defendants wrongfully obtained and retained monies and other property from Plaintiffs without Plaintiffs' authorization.

18. Defendants' conduct intended to injure Plaintiffs, as creditors, and Defendants had actual knowledge that harm to Plaintiffs would result from converting

Plaintiffs' funds for their own personal use, and such conduct by Defendants was undertaken to cause willful and malicious injury to Plaintiffs.

19. As a direct and consequential result of Defendants' conversion of Plaintiffs' property, Plaintiffs have been damaged in an amount to be proven at trial, but not less than $923,501.63.

20. Defendants have acted intentionally, willfully, maliciously, oppressively, fraudulently, and in conscious and despicable disregard of the rights and interests of Plaintiffs. Accordingly, Plaintiffs are entitled to an award of exemplary and punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiffs requests relief as follows:

1. For an order that pursuant to 11 U.S.C. 523(a)(6) and FRBP 7001(6) the Debt is non-dischargeable;

2. For damages, according to proof at trial, in an amount not less than $923,501.63;

3. For disgorgement, according to proof at trial, in an amount not less than $923,501.63;

4. For costs of suit herein including reasonable attorneys' fees; and

5. For such other and further relief as the court deems just and proper.

DATED: August 15, 2012        FRIEDMAN LAW GROUP, P.C.

J. BENNETT FRIEDMAN, ESQ.
Attorneys for Plaintiffs